IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ANDRIAN SOWARDS,

          Plaintiff,

v.                                                CIVIL ACTION NO.   3:15-13029

TOYOTA MOTOR MANUFACTURING,
WEST VIRGINIA, INC., and
MANPOWER OF WV, INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Adrian Sowards asks to amend his Complaint by adding a retaliation claim under the Family Medical Leave Act ("FMLA") against Defendant Manpower of West Virginia, Inc. ("Manpower"). ECF Nos. 8, 9. In the present motion, Mr. Sowards contends Manpower violated the FMLA anti-retaliation provision, 29 U.S.C. § 2615(b), by repeatedly threatening to bring against him and his counsel a lawsuit for malicious prosecution and a motion for sanctions unless Mr. Sowards withdrew his FMLA claim, and others, against Manpower. Based on the following analysis, the Court **GRANTS** Mr. Sowards's motion.

### I.   Background

      In this action, Mr. Sowards lodges several claims against Defendants Toyota Motor Manufacturing, West Virginia, Inc. ("Toyota") and Manpower based on their decision to terminate Mr. Sowards's employment. Compl. ¶¶ 21–69, Ex. A, ECF No. 1-1. Mr. Sowards initially filed this action in the Circuit Court of Putnam County, West Virginia, Compl. at 1, but Defendants removed the action to this Court on September 9, 2015, Notice of Removal, ECF No. 1.

Following removal, Manpower answered the Complaint. Answer (Sept. 14, 2015), ECF No. 3. In its Answer, Manpower raises several affirmative defenses, including "retaliation" and "conspiracy to maliciously prosecute." Answer at 10. Manpower raises these affirmative defenses in a single sentence and cites no authority supporting the basis in law for these affirmative defenses. *See id.*

On September 18, 2015, counsel for Manpower sent a letter to Mr. Sowards's Counsel. Letter from William Slicer, Manpower's Counsel, to Hoyt Glazer, Mr. Sowards's Counsel (Sept. 18, 2015), ECF No. 8-8. At the outset of the letter, Manpower's Counsel says after reviewing several documents supplying the basis for and against Mr. Sowards's FMLA claim, "I am reminded of a successful malicious prosecution suit filed by [an attorney] against another attorney and that lawyer's client for a baseless complaint." *Id.* at 1. Manpower's Counsel goes on to state:

> I believe that the complaint you drafted and which Mr. Sowards verified is very similar to the complaint on which [the attorney] based his successful malicious prosecution suit. I can tell you that there is no doubt in my mind that Manpower will pursue such a claim against you and your client if the case turns out as it currently appears. Manpower strongly believes that you and your client should voluntarily dismiss with prejudice this suit against Manpower before any further work has to be undertaken in this case.

*Id.* For the rest of the letter, Manpower's Counsel explains why he believes Mr. Sowards's FMLA claim will fail on the merits and why he believes it is an attempt to maliciously prosecute Manpower. *Id.* at 1–2. Manpower's Counsel concludes by warning:

> If Manpower has to continue to defend this suit, it will prevail in all likelihood and then seek damages through a malicious prosecution suit. . . . Having represented [Manpower] for years, I expect it will pursue a claim against you and your client if Manpower has to further defend. I urge you to voluntarily dismiss Manpower with prejudice now.

*Id.* at 2.

After receiving the September 18th letter, Plaintiff's Counsel arranged for a Rule 26(f) meeting to propose a schedule for this action, as required by this District's Local Rules. Memo. Supp. Mot. Amend Compl. 4, ECF No. 9. In response, Manpower's Counsel sent a brief letter to Plaintiff's Counsel stating:

> As of the writing of this letter, I have not received a proposed stipulation of dismissal with prejudice. I surmise that you intend to proceed with this lawsuit. This letter should serve as notice to you and your client that Manpower may move under [Federal Rule of Civil Procedure] 11 for sanctions. . . . If after further consideration you wish to present a proposed stipulation of dismissal with prejudice, please let me know, and I will discuss with my client the possibility of not pursuing sanctions and not pursuing a malicious prosecution suit.

Letter from William Slicer, Manpower's Counsel, to Hoyt Glazer, Plaintiffs' Counsel 1 (Oct. 15, 2015), ECF No. 8-9; *see also* Memo. Supp. Mot. Amend Compl. at 4. At no point between sending the two letters summarized above and this Memorandum Opinion and Order did Manpower file a malicious prosecution lawsuit or motion for sanctions against Mr. Sowards or his counsel.

Mr. Sowards filed the instant motion to amend the Complaint on October 23, 2015, before the Scheduling Order's deadline for amending pleadings. ECF No. 8. In his Motion, Mr. Sowards asks to add a retaliation claim under the FMLA against Defendant Manpower based on its counsel's threatening a malicious prosecution lawsuit, a motion for Rule 11 sanctions, and Manpower's affirmative defenses of "retaliation" and "conspiracy to maliciously prosecute." *See* Pl's. Reply Supp. Mot. Amend Compl. 1-2, ECF No. 12. Next, the Court details the legal standard for Mr. Sowards's Motion to amend the Complaint, then the Court discusses his request to add an FMLA retaliation claim.

## II. Legal Standard

To amend a pleading after the time for amending as a matter of course, the opposing party's written consent or leave of court must be obtained. Fed. R. Civ. P. 15(a)(2). A court should "freely give leave [to amend a pleading] when justice so requires." *Id.* "The law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis and internal quotation marks omitted).

## III. Discussion

Mr. Sowards asks to add to the Complaint an FMLA retaliation claim against Manpower based on its counsel's threats to bring against Mr. Sowards and his counsel a malicious prosecution claim and motion for Rule 11 sanctions unless Mr. Sowards voluntarily dismisses his FMLA claim and others against Manpower.[1] Manpower retorts that adding an FMLA retaliation claim would be futile because these allegedly retaliatory actions, on their own, cannot give rise to an FMLA retaliation claim. Finding Rule 15 otherwise satisfied, the Court considers whether adding the proposed FMLA retaliation claim would be futile.

An amendment adding a claim is futile if the proposed claim would fail to survive a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 916–17 (4th Cir. 1995); *see also Elrod v. Busch Entm't Corp.*, 479 Fed. App'x 550, 551 (4th Cir. 2012). Accordingly, the Court looks to the

---

[1]  Mr. Sowards also alleges that Manpower's affirmative defenses of "retaliation" and "conspiracy to maliciously prosecute" form the basis of his FMLA retaliation claim, but for reasons explained later, the Court does not consider whether these affirmative defenses form the basis of Mr. Sowards's retaliation claim.

FMLA anti-retaliation provision and asks if Mr. Sowards's proposed FMLA retaliation claim would withstand a 12(b)(6) motion to dismiss for failure to state a claim.[2]

The FMLA anti-retaliation provision makes it unlawful "for any person to discharge or in any other manner discriminate against any individual because such individual has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter." 29 U.S.C. § 2615(b)(1) (2014). Regulations promulgated by the Secretary of Labor clarify the actions and individuals covered by the FMLA anti-retaliation provision. *See* 29 C.F.R. § 825.220 (2015). The FMLA regulation clarifies that "interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights" are prohibited under the FMLA anti-retaliation provision. *Id.* § 825.220(a). The FMLA regulation also states, "[i]ndividuals, and not merely employees, are protected from retaliation for opposing (e.g., filing a complaint about) any practice which is unlawful under the Act." *Id.* § 825.220(e).

---

[2] When considering a 12(b)(6) motion to dismiss, a court follows a two-step approach: (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . ," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and then (2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

For the second step, a court must take the remaining factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

To state a claim for FMLA retaliation, a plaintiff-employee must allege: (1) he or she engaged in a protected activity; (2) the employer took a materially adverse action against the employee; and (3) there was a causal link between the two events. *See Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 429 (4th Cir. 2015); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343 (4th Cir. 2008). The Parties do not argue over elements one or three above, and instead, focus on whether or not Manpower took a materially adverse action against Mr. Sowards within the meaning of the FMLA. More specifically, the Parties disagree on whether threats to bring a claim for malicious prosecution and motion for Rule 11 sanctions constitute materially adverse action. Def.'s Resp. Mot. Amend Compl. 7, ECF No. 11; Reply at 2.

The Fourth Circuit has not indicated whether the FMLA's anti-retaliation provision applies to adverse actions occurring outside the workplace, for instance actions during FMLA litigation—the sort of allegedly retaliatory conduct here. However, the Supreme Court has held Title VII's anti-retaliation provision is not confined to retaliatory actions related to employment or occurring at the workplace. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006).[3] The Fourth Circuit has ruled "[r]etaliation claims brought under the FMLA are analogous to those brought under Title VII." *Adams*, 789 F.3d at 429 (citation omitted); *Darveau*, 515 F.3d at 342 (observing courts almost uniformly consider Title VII case law when interpreting comparable provisions of other federal statutes); *see also Adams*, 789 F.3d at 431 (looking to *Burlington Northern* for scope of anti-retaliation section of Americans with Disabilities Act). Accordingly, the Supreme Court's

---

[3] Title VII's anti-retaliation provision—worded almost identically to the FMLA anti-retaliation provision—forbids employers from discriminating against employees who have, among other things, "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation. 42 U.S.C. § 2000e–3(a) (2014); *see also Burlington Northern*, 548 U.S. at 57.

decision in *Burlington Northern* provides clarification on the scope of the FMLA anti-retaliation provision and the meaning of materially adverse action.

In *Burlington Northern*, the Supreme Court held Title VII's anti-retaliation provision covers those, and only those, actions that would have been materially adverse to a reasonable employee. *See Burlington Northern*, 548 U.S. at 57. Actions that are materially adverse to an employee include those actions that are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.* In the end, whether an action is materially adverse depends upon context. *Id.* at 69. And courts reviewing retaliation claims are to look at the challenged retaliatory conduct, not the conduct forming the basis for the underlying discrimination claim. *Id.*[4]

Circuit and district courts have found conduct during litigation can constitute retaliation under the FMLA and other federal statutes. *See Steffes v. Stepan Co.*, 144 F.3d 1070, 1075 (7th Cir. 1998) (ruling "actions taken in the course of litigation [may] constitute retaliation [under Title VII] in appropriate circumstances"); *Walsh v. Irvin Stern's Costumes*, No. 05-2515, 2006 WL 2380379, at *3 (E.D. Pa. Aug. 15, 2006) (applying *Burlington Northern* and ruling employer's threat to file criminal charges against employee, motivated by intent to have employee withdraw Title VII claim, constituted retaliation under Title VII). Furthermore, finding litigation conduct can constitute retaliation accords with the Supreme Court's analysis of Title VII's anti-retaliation provision in *Burlington Northern*, where the Court found, "[i]nterpreting the [anti-retaliation] provision to provide broad protection from retaliation helps ensure the cooperation upon which

---

[4] Because the conduct underlying the discrimination claim is not pertinent to the retaliation claim analysis, the Court does not consider allegations from the Parties regarding the basis for Mr. Sowards's termination, including evidence he was fired for making threats. *See* Resp. at 3; Reply at 8–9.

accomplishment of the Act's primary objective depends." *Burlington Northern*, 548 U.S. at 67. Applying *Burlington Northern's* rationale to the FMLA, compliance with the FMLA can be expected only if employees feel free to approach officials with their grievances under the Act, and when necessary, bring lawsuits based on violations of the FMLA. *See id.*

Based on the standards discussed above and construing the facts alleged in a light most favorable to Mr. Sowards, there is no futility in adding the proposed FMLA retaliation claim to the Complaint. An employer's actions that "could well dissuade a reasonable worker from making or supporting a charge" under the FMLA are the sort of materially adverse actions necessary to support an FMLA retaliation claim. *See Burlington Northern*, 548 U.S. at 57. According to the instant motion, Manpower's Counsel repeatedly threatened to file against Mr. Sowards and his counsel a lawsuit for malicious prosecution and a motion for Rule 11 sanctions unless Mr. Sowards withdrew his FMLA claim and others against Manpower. Threatening a malicious prosecution lawsuit or Rule 11 sanctions to induce an employee's voluntarily withdrawing his or her FMLA claim may constitute retaliation under the FMLA. *See Steffes*, 144 F.3d at 1075; *Walsh*, 2006 WL 2380379, at *3. One good way to dissuade an employee from continuing an FMLA action would be threatening to bring a malicious prosecution lawsuit or Rule 11 sanctions against the employee unless the FMLA claim is abandoned. *See Walsh*, 2006 WL 2380379, at *3. A reasonable employee deciding between either dropping a tenuous but not frivolous FMLA claim or facing possible sanctions and a malicious prosecution lawsuit—bolstered by losing that tenuous FMLA claim—might well choose to forgo the FMLA claim. *See Walsh*, 2006 WL 2380379, at *3. For good measure, the Court now discusses how each of Manpower's threats could constitute FMLA retaliation.

Threatening a malicious prosecution lawsuit to intimidate a plaintiff into voluntarily dismissing his or her FMLA claim can constitute FMLA retaliation under *Burlington Northern's* standard for materially adverse action. "A lawsuit no doubt may be used by an employer as a powerful instrument of coercion or retaliation." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 740 (1983). By threatening to sue an employee for filing an FMLA claim, an employer can place the employee and other workers on notice that anyone who dares exercise his or her FMLA rights will be subject to the possibility of a burdensome malicious prosecution lawsuit. *See id.* In turn, the employer's threats have a chilling effect on an employee's willingness to exercise FMLA rights. *See id.* The mere threat of a lawsuit provides the would-be plaintiff with leverage over any potential defendant. In this case, even if Manpower believes its malicious prosecution claim is meritorious, Manpower is not entitled to do what it did here—attempt to use its potential lawsuit as leverage to get Mr. Sowards to voluntarily dismiss his FMLA claim. Threatening a malicious prosecution lawsuit is not appropriate litigation tactic in defending against the merits of an FMLA claim. *See Steffes*, 144 F.3d at 1076 (distinguishing between litigation conduct constituting retaliation and protected litigation tactics). Repeatedly warning Mr. Sowards about a possible malicious prosecution lawsuit during the course of this FMLA litigation gains nothing for Manpower in this proceeding other than the possibility that Mr. Sowards may be dissuaded, based on those warnings alone, from continuing his FMLA case against Manpower, something the FMLA anti-retaliation provision proscribes. *See Burlington Northern*, 548 U.S. at 57. If Manpower wishes to file a malicious prosecution lawsuit against Mr. Sowards, it may do so separately from defending against this FMLA claim; it is not permissible to use the threat of a malicious prosecution lawsuit to intimidate a plaintiff into abandoning an FMLA claim, which a reasonable juror could conclude Manpower did here.

Whether threatening a motion for Rule 11 sanctions can constitute FMLA retaliation presents a closer question. *See Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.*, No. 12-187, 2012 WL 3808902, at *4 (N.D. Ohio Aug. 8, 2012) (ruling threat to file motion for Rule 11 sanctions unless plaintiff dropped claims was, on its own, not retaliation under Title VII and other statutes because Rule 11 expressly provides for filing sanctions motions). Unlike in *Horen,* in this case it is alleged that Manpower's Counsel not only threatened to file a motion for Rule 11 sanctions, he had also previously threatened a malicious prosecution lawsuit. Additionally, Manpower's Counsel brought up Rule 11 sanctions in response to Mr. Sowards's attempt at crafting a proposed schedule per this District's Local Rules; the timing of Manpower's Counsel's Rule 11 warning, viewed in a light most favorable to Mr. Sowards, could indicate Manpower's Counsel did not intend to defend the FMLA claim on the merits, and instead he intended to repeatedly threaten Mr. Sowards until he abandoned his FMLA claim against Manpower. Moreover, Manpower's Counsel never followed through with his threat to move for Rule 11 sanctions, a fact from which a reasonable juror could conclude Manpower's Counsel was less concerned with sanctions and more with dissuading Mr. Sowards from prosecuting his FMLA claim against Manpower. The impropriety of threatening Rule 11 sanctions is also evidenced by the fact that counsel for Toyota, Manpower's codefendant, neither issued a similar threat nor filed a motion for Rule 11 sanctions. "[T]he threat of sanctions, should not be used as a means of bullying a weaker opponent." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1123 (7th Cir. 1992); *Wood v. New Orleans Nat'l Collection Serv., Inc.*, No. 95-1201, 1995 WL 686744, at *4 (E.D. La. Nov. 17, 1995). While it is appropriate for one party to warn the other about a possible request for sanctions under Rule 11, district court judges should not tolerate using Rule 11 sanctions as a method of intimidation. *Rush*, 966 F.2d at 1123. Supervising the use of Rule 11 is a matter for the

district court judge, who is "in the best position to determine on which side of the line a party's conduct falls." *Id.* Accordingly, the threat to bring a motion for Rule 11 sanctions is a factor, not dispositive but nonetheless relevant, in finding Mr. Sowards's motion to add an FMLA retaliation claim to the Complaint is not futile.

Manpower, relying on *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983), mistakenly argues a retaliation claim cannot be based solely on an employer's unfulfilled threats to file a lawsuit against the employee. In *Bill Johnson*, decided within the context of the National Labor Relations Act ("NLRA"), the Supreme Court held *if* an employer sues an employee as a way of retaliating against the employee for exercising rights protected by the NLRA, then the First Amendment right of access to courts *may* insulate the employer's lawsuit from liability as unlawful retaliation. *Bill Johnson*, 461 U.S. at 742–43 (emphasis supplied). To bring a retaliation claim based on an employer's already-filed lawsuit, an employee must demonstrate First Amendment immunity does not apply to the employer's lawsuit by showing the suit is baseless and intended as retaliation for the employee's protected activity. *See id.* at 743–44. According to Manpower, under *Bill Johnson*, a retaliation claim cannot be based solely on an employer's threats to bring a malicious prosecution lawsuit against an employee; rather, in order for retaliation liability to arise based on an employer's threats of bringing a malicious prosecution suit, the employer must have actually filed the threatened lawsuit. *See* Resp. at 2 ("Because no legal action has been filed against [Mr. Sowards] by Manpower, he has no retaliation claim.").

Manpower mischaracterizes *Bill Johnson's* holding by contending it requires a lawsuit to have *actually* been filed before an employer's threats of bringing a lawsuit can give rise to liability for retaliation. Instead, *Bill Johnson* is inapplicable in cases like this one, where no lawsuit has been filed. *See Bill Johnson*, 461 U.S. at 734–35 (indicating allegedly retaliatory lawsuit had been

filed before employee filed retaliation claim). Here, Manpower's Counsel has twice threatened to file a malicious prosecution lawsuit without ever filing one. When it comes to filing a lawsuit, "[d]o. Or do not. There is no try." *Star Wars: The Empire Strikes Back* (Lucasfilm 1980). Even if Manpower and its counsel intended in good faith to file a malicious prosecution lawsuit, they never actually filed one. Hence, *Bill Johnson* and its test for immunity based on First Amendment access to courts do not apply in this case. In sum, threats of filing a lawsuit that seek to induce voluntary dismissal of an FMLA claim can constitute retaliation, even if the threats go unfulfilled and a lawsuit is never filed. *See, e.g.*, *Walsh*, 2006 WL 2380379, at *3.

At least one other district court has rejected in principle Manpower's argument that merely threatening to file a lawsuit cannot, on its own, constitute retaliation. *See Walsh*, 2006 WL 2380379, at *2. In *Walsh*, the employer threatened to file criminal charges against the employee if she did not withdraw her employment discrimination claims. *Id.* Based solely on this threat, the employee filed a Title VII retaliation claim against the employer. *Id.* In its defense, the employer argued its threat could not satisfy *Burlington Northern's* standard for materially adverse action. *Id.* The district court disagreed and held a threat to accuse the employee could be construed as materially adverse to her. *Id.* "A fair reading of Burlington Northern," the district court reasoned, "reveals that the case imposes no requirement that a threat be fulfilled." *Id.*

Furthermore, three practical considerations further support the conclusion that an FMLA retaliation claim can be based solely on an employer's unfulfilled threats to file a malicious prosecution lawsuit. First, if an FMLA retaliation claim based on threatening a lawsuit hinged on actually filing the lawsuit, the employer would have license to repeatedly threaten bringing the lawsuit, without ever intending to file it, until the employee eventually withdrew his or her FMLA claim. An employee facing an onslaught of threats without recourse may be more likely to succumb

and abandon an FMLA claim than he or she would have been if the employer simply defended the FMLA action on the merits. *See Walsh*, 2006 WL 2380379, at *3. Through the FMLA anti-retaliation provision, Congress intended to prevent defendants from using tactics that intimidate FMLA plaintiffs into abandoning viable FMLA claims. *See Burlington Northern*, 548 U.S. at 67.

Second, when an employer follows through with its threat and files a malicious prosecution lawsuit, the filing of the suit, instead of giving birth to an FMLA retaliation claim, only makes it harder to bring a retaliation claim based on the threats. After the employer files its lawsuit, the employer's malicious prosecution threats and claim are entitled to some level of immunity under the First Amendment doctrine of access to courts. *See Bill Johnson*, 461 U.S. at 742–43. Before the malicious prosecution lawsuit is filed, the employer's threats about bringing such a lawsuit are entitled to no such immunity, and therefore are even more susceptible to forming the basis of a retaliation claim than an employer's already-filed malicious prosecution lawsuit.

Lastly, threats of lawsuits and motions for sanctions are treated differently in cases under a statute with an anti-retaliation provision than cases brought under other statutes. Unlike many statutes, the FMLA provides not only a substantive right but also a right to be free from retaliation based on exercising that substantive right. *See Burlington Northern*, 548 U.S. at 63 (recognizing same dichotomy of objectives in context of Title VII). The anti-retaliation provision reflects Congress's intention to promote exercise of the FMLA's substantive right by preventing employers from discriminating against those who exercise that right. *Id.* As explained above, one powerful way of discriminating against employees for exercising their FMLA rights is threatening lawsuits and sanctions motions. And so, although in most cases threatening lawsuits and motions for sanctions in order to get a case voluntarily dismissed may simply be an inappropriate litigation tactic and nothing more, in cases under a statute with an anti-retaliation provision, these threats

may be actionable conduct giving rise to a retaliation claim held by the threatened individual. Accordingly, practical considerations weigh in favor of finding an FMLA retaliation claim can be based solely on an employer's unfulfilled threats to bring a malicious prosecution lawsuit.

To conclude, the Court holds Mr. Sowards has stated a plausible FMLA retaliation claim against Manpower based on its counsel's threats to bring against Mr. Sowards and his counsel a lawsuit for malicious prosecution and motion for Rule 11 sanctions unless Mr. Sowards voluntarily dismisses his FMLA claim and others against Manpower. Therefore, amending the Complaint to add a retaliation claim against Manpower based on its counsel's threats is not futile.[5]

---

[5] Finding other evidence of retaliation sufficient to support Mr. Sowards's proposed FMLA retaliation claim, the Court does not decide whether Manpower's affirmative defenses of retaliation and conspiracy to maliciously prosecute can form the basis of an FMLA retaliation claim. *See* Reply at 6–8 (suggesting Defendant's affirmative defenses are part of conduct that supports adding FMLA retaliation claim). However, because Manpower raised these affirmative defenses in its Answer, *see* Answer at 10, the Court is inclined to find them covered by the First Amendment right to access courts, and therefore apply *Bill Johnson* before finding the affirmative defenses form part of the conduct supporting an FMLA retaliation claim. If it does become necessary to analyze whether these affirmative defenses can constitute retaliatory conduct under the FMLA, the Court will conduct that analysis at a later time on a more developed record.

The Court will, however, correct Manpower on one point related to the affirmative defenses as retaliatory conduct. Manpower argues an affirmative defense cannot be considered retaliatory in light of analysis provided in *Haught v. Louis Berkman LLC, W. Virginia*, No. 03-109, 2006 WL 399426 (N.D.W. Va. Feb. 16, 2006). Resp. at 8. But the district court in *Haught* relied on a test for adverse action that was abrogated by *Burlington Northern*. Compare *id.* at 6, *with Burlington Northern,* 548 U.S. at 60, 67. Accordingly, *Haught* is not persuasive authority for this Court's FMLA retaliation analysis.

Lastly, if Mr. Sowards believes Manpower's affirmative defenses are baseless, as Mr. Sowards suggests in his Reply to the instant Motion, he may move to have them stricken pursuant to Federal Rule of Civil Procedure 12(f), instead of suggesting in briefing that these defenses should be stricken, *see* Pl.'s Reply 10, ECF No. 12. As it stands, however, Mr. Sowards has not brought such a motion and the Court is not inclined to strike the affirmative defenses on its own.

## IV. Conclusion

For the reasons above, the Court **GRANTS** Plaintiff Adrian Sowards's motion to amend the Complaint by adding a retaliation claim against Defendant Manpower. The Court **ORDERS** the Clerk to accept as filed the Amended Complaint attached to Plaintiff's motion, ECF No. 8-1.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 9, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE